UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.

03 DEC -8 PM 4: 11

SIGN_____
by DEPUTY CLERK

RICHARD R. PURYEAR,  ET AL.

VERSUS

NESS, MOTLEY, P.A., INC.,
ET AL.

CIVIL ACTION

NO. 03-789-D

03-3490

## RULING AND ORDER

SECT. L MAG. 2

This matter is before the court on a motion by defendants, Ness Motley, P.A., Inc. and Motley Rice. L.L.C., to transfer this action to the United States District Court for the Eastern District of Louisiana.  Counsel for plaintiffs has informed the court that he will not be filing an opposition.  There is no need for oral argument.

Defendants move to transfer this action under 28 U.S.C. §1404(a), in the interest of justice and for the convenience of the parties and witnesses.  In support of their motion, defendants observe that this lawsuit arises from acts of legal malpractice allegedly committed by defendants failing to timely assert a claim for wrongful death in a suit that is still pending in Orleans Parish.    Based upon the argument of defendants and the lack of any opposition, the court finds that the motion should granted in the interest of justice and for the convenience of the parties and the witnesses.

A TRUE COPY

Accordingly, the motion to transfer (doc. 3) is hereby GRANTED.

B Scott 12/8/03
Deputy Clerk                Date
U S District Court
Middle District of Louisiana
Baton Rouge, Louisiana

IT IS ORDERED that this matter be transferred to the United States District Court

<table>
<tr><td>Date Docketed<br>DEC - 8 2003<br>Notices Mailed To:</td><td>JIB<br>SE<br>SCL<br>BW</td><td>ENA<br>Fennel<br>Stanley</td><td>1</td><td>___ Fee_____<br>___ Process____<br>X Dktd____ CW<br>___ CtRmDep____<br>___ Doc. No. 1</td><td>INITIALS<br>BS</td><td>DOCKET#<br>6</td></tr>
</table>

for the Eastern District of Louisiana.

Baton Rouge, Louisiana, December 8th, 2003.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE

2

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA.

2003 OCT 17 P 2: 03

SIGN_____
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RICHARD R. PURYEAR AND<br>KATHERINE P. BROUSSEAU, | * <br> * <br> * | CIVIL ACTION<br>NO.  *03 - 789-D-M-1* |
| Plaintiffs, | * <br> * | SECTION " " |
| VERSUS | * <br> * | JUDGE |
| NESS, MOTLEY, P.A., INC.,<br>MOTLEY RICE, L.L.C., AND<br>XYZ INSURANCE COMPANY, | * <br> * <br> * <br> * | MAGISTRATE JUDGE |
| Defendants. | * <br> * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

Defendants, Ness, Motley, P.A., Inc. and Motley Rice, L.L.C. (collectively, the "Law Firms"), through undersigned counsel, hereby give notice of the removal of this action from the Twenty-Third Judicial District Court for the Parish of Ascension, State of Louisiana, to the United States District Court for the Middle District of Louisiana. The grounds for removal are as follows:



| INITIALS | DOCKET# |
|---|---|
| BS | 1 |



**I.**

This action was commenced when the plaintiffs, Richard R. Puryear and Katherine P. Brousseau, filed suit against the Law Firms for legal malpractice. The plaintiffs' lawsuit also alleged claims against the Law Firms' unnamed insurer.

**II.**

A copy of the Petition was served on the Law Firms on or about September 26, 2003 via the Louisiana Long-Arm Statute, La. R.S. 13:3201 *et seq.*

**III.**

Removal is timely under 28 U.S.C. § 1446(b), because this Notice was filed within thirty days of September 26, 2003, the earliest date of receipt by the Law Firms, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action is based.

**IV.**

The Petition seeks damages for alleged acts of legal malpractice committed by the Law Firms in the course of representing the defendants following their father's death from an illness potentially linked to asbestos exposure. Specifically, the plaintiffs allege that the Law Firms failed to timely amend the lawsuit to assert a claim for wrongful death.

**V.**

This action has been removed to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332. As the Petition indicates, there is complete diversity of citizenship existing between the plaintiffs and defendants. None of the defendants are residents of Louisiana. Additionally, it is facially apparent that the plaintiffs' claim for an alleged failure to timely file a claim for wrongful death likely exceeds $75,000, exclusive of interest and costs. Accordingly,

this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and the action may be removed by the Law Firms pursuant to 28 U.S.C. § 1441(b).

### VI.

Attached to this Notice of Removal, and incorporated herein by reference, is a true and correct copy of the Citation, Petition, Discovery Requests Propounded with Petition for Damages, as well as a Motion for First Extension of Time to Plead and Declinatory Exception of Improper Venue and Memorandum in Support filed by the Law Firms, which are the only process, pleadings, or orders received by the Law Firms in this action.

### VII.

Undersigned counsel certifies that a copy of this Notice of Removal will be promptly served on the plaintiffs by sending a copy to their counsel of record, John Housan Fenner, III, John Housan Fenner, III, A PLC, 8352 Bluebonnet Boulevard, Baton Rouge, Louisiana 70810, via facsimile and U.S. Mail.

### VIII.

Written consent of the remaining defendant, the Law Firms' unnamed insurer, is not required because the insurer has not been named in this case or served at the time of this removal.

**WHEREFORE,** the defendants, Ness, Motley, P.A., Inc. and Motley Rice, L.L.C., respectfully request that the above-captioned civil action be removed from the Twenty-Third Judicial District Court for the Parish of Ascension, State of Louisiana, to the United States

District Court for the Middle District of Louisiana, and that this Court exercise jurisdiction over this action the same as if the action had been originally commenced in this Court.

Respectfully submitted,

Richard C. Stanley, 8487
William M. Ross, 27064
Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: 504-523-1580

Attorneys for the Defendants, Ness, Motley, P.A., Inc. and Motley Rice L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Notice of Removal has been served on all counsel of record by facsimile and/or by placing same in the United States mail, postage prepaid and properly addressed, this 17th day of October, 2003.

-4-

32169404                                               10/17/03  28  No. 108  02/02

CITATION

RICHARD R PURYEAR et al                          23RD JUDICIAL DISTRICT COURT

VERSUS                                           PARISH OF ASCENSION

NESS MOTLEY P A INC et al                        STATE OF LOUISIANA

DOCKET NUMBER: 00076155C

SERVE: MOTLEY RICE, L.L.C. THROUGH ITS AGENT FOR SERVICE OF
       PROCESS: MS. DONNI E. YOUNG
       1555 POYDRAS STREET, SUITE 1700
       NEW ORLEANS, LA.  70112

PARISH OF ORLEANS

You are hereby summoned to comply with the demand contained in the Petition
of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 23rd Judicial
District Court in and for the Parish of Ascension, State of Louisiana,
within fifteen (15) days after the service hereof, under penalty of default

This service was ordered by Attorney FENNER, JOHN HOUSAN and was
issued by the Clerk of Court on the 22ND day of SEPTEMBER, 2003.

                                    _____
                                    Deputy Clerk of Court for
                                    Kermit "Hart" Bourque, Clerk of Court

*Also attached are the following documents:

     REQUEST FOR:    *ADMISSION OF FACTS      *PRODUCTION OF DOCUMENTS


*******************************************************************************
LEGAL ASSISTANCE IS ADVISABLE AND YOU SHOULD CONTACT A LAWYER IMMEDIATELY.
COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE.
*******************************************************************************
------------------------------------------------------------------------------

                              SHERIFF'S RETURN
Received on the _____ day of _____, 20___ and on the _____ day
of _____, 20 ___ served the above named party as follows:
DATE SERVICE ATTEMPTED:_____      TIME SERVICE ATTEMPTED:_____AM/PM
DATE SERVICE ATTEMPTED:_____      TIME SERVICE ATTEMPTED:_____AM/PM
DATE SERVICE ATTEMPTED:_____      TIME SERVICE ATTEMPTED:_____AM/PM
TYPE OF SERVICE:
___ PERSONAL
___ DOMICILIARY
___ ADDRESS OF ATTEMPTED SERVICE/EXECUTION _____
REASON FOR NON-SERVICE:
___ MOVED (NEW ADDRESS)                  ___ MOVED, ADDRESS UNKNOWN
___ NOT KNOWN AT THIS ADDRESS            ___ UNABLE TO LOCATE
___ POST OFFICE HAS NO ADDRESS           ___ DISTRICT ATTORNEY RECALLED
___ THIS ADDRESS NOT IN OUR PARISH       ___ NOT SERVED IN TIME FOR
___ HOLD-REQUEST OF                          COURT DATE/PAST COURT
___ IN ARMED FORCES                      ___ HOSPITALIZED/DECEASED
___ RECEIVED TOO LATE FOR SERVICE
___ COMMENTS OR OTHER REASONS FOR NOT SERVING ___

RETURNED: PARISH OF _____ this ____ day of _____, 20 ___

SERVICE:   $ _____                   BY: _____
MILEAGE:   $ _____                        DEPUTY SHERIFF
TOTAL:     $ _____

                                                              0016

Oct. 6. 2003  1:47PM    MOTLEY RICE LLC                    No.1967   P. 2

## CITATION

| | |
|---|---|
| RICHARD R PURYEAR et al | 23RD JUDICIAL DISTRICT COURT |
| VERSUS | PARISH OF ASCENSION |
| NESS MOTLEY P A INC et al | STATE OF LOUISIANA |

DOCKET NUMBER: 00076155C

**SERVE: NESS, MOTLEY, P.A., INC THROUGH ITS REGISTERED AGENT** FOR
SERVICE OF PROCESS: MS. DONNI E YOUNG
1515 POYDRAS STREET, SUITE 1700
NEW ORLEANS, LA.  70112

PARISH OF ORLEANS

You are hereby summoned to comply with the demand contained in the Petition*
of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 23rd Judicial
District Court in and for the Parish of Ascension, State of Louisiana,
within fifteen (15) days after the service hereof, under penalty of default.

This service was ordered by Attorney FENNER, JOHN HOUSAN and was
issued by the Clerk of Court on the 22ND day of SEPTEMBER, 2003.

_____
Deputy Clerk of Court for
Kermit "Hart" Bourque, Clerk of Court

*Also attached are the following documents:

    **REQUEST FOR:    *ADMISSION OF FACTS      *PRODUCTION OF DOCUMENTS**

*******************************************************************
LEGAL ASSISTANCE IS ADVISABLE AND YOU SHOULD CONTACT A LAWYER IMMEDIATELY.
COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE.
*******************************************************************
-------------------------------------------------------------------

### SHERIFF'S RETURN

Received on the _____ day of _____ ,20___ and on the _____ day
of _____ , 20 ___ served the above named party as follows:
DATE SERVICE ATTEMPTED: _____     TIME SERVICE ATTEMPTED: _____AM/PM
DATE SERVICE ATTEMPTED: _____     TIME SERVICE ATTEMPTED: _____AM/PM
DATE SERVICE ATTEMPTED: _____     TIME SERVICE ATTEMPTED: _____AM/PM
TYPE OF SERVICE:
___ PERSONAL  _____
___ DOMICILIARY _____
___ ADDRESS OF ATTEMPTED SERVICE/EXECUTION _____
REASON FOR NON-SERVICE:
___ MOVED (NEW ADDRESS)_____        ___ MOVED, ADDRESS UNKNOWN
___ NOT KNOWN AT THIS ADDRESS                 ___ UNABLE TO LOCATE
___ POST OFFICE HAS NO ADDRESS                ___ DISTRICT ATTORNEY RECALLED
___ THIS ADDRESS NOT IN OUR PARISH            ___ NOT SERVED IN TIME FOR
___ HOLD-REQUEST OF _____               COURT DATE/PAST COURT
___ IN ARMED FORCES                           ___ HOSPITALIZED/DECEASED
___ RECEIVED TOO LATE FOR SERVICE
___ COMMENTS OR OTHER REASONS FOR NOT SERVING _____
_____
_____

RETURNED: PARISH OF _____ this _____ day of _____ , 20 _____

SERVICE:   $ _____          BY: _____
MILEAGE:   $ _____                   DEPUTY SHERIFF
TOTAL:     $ _____

                                                            0015

. . . . . AND FILED
. . . . ASY BOURQUE
.C.RK OF COURT

. ] `LE 22 .P 12. 59
Original signed by
Norma Para
_  _CLERK & RECORDER_
. . . . PARISH, LA.

# 23rd JUDICIAL DISTRICT COURT

## PARISH OF ASCENSION

## STATE OF LOUISIANA

DOCKET NO. 76,155            DIV. _____

## RICHARD R. PURYEAR and
## KATHERINE P. BROUSSEAU

### versus    DIVISION C

## NESS, MOTLEY, P.A., INC.,
## MOTLEY RICE L.L.C., and
## xyz INSURANCE COMPANY

Filed: _____          Deputy Clerk: _____
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

# _PETITION FOR DAMAGES_

NOW COME Richard R. Puryear, an individual of the age of majority and

domiciled in the parish of Ascension, state of Louisiana, and Katherine P. Brousseau,

an individual of the age of majority, and domiciled in the parish of East Baton Rouge,

state of Louisiana, who do respectfully represent as follows:

I.

MADE DEFENDANTS herein are the following:

NESS, MOTLEY, P.A., INC. ["Ness-Motley"], a foreign
corporation, which though at one time was licensed to do
business within the state of Louisiana, has filed an application
to withdraw from doing business within the state of

Louisiana – and is therefore considered a "non-resident," pursuant to La. R.S. 13:3206;

MOTLEY RICE L.L.C. ["Motley-Rice"], a foreign [South Carolina] limited liability company licensed to do business within the state of Louisiana, with its principal and designated business establishment located in the parish of Orleans, state of Louisiana; and

xyz INSURANCE COMPANY, which, upon information and belief, provides insurance coverage for the acts and actions herein described.

II.

This Honorable Court possesses personal jurisdiction over all defendants, including non-resident defendant, Ness-Motley, pursuant to La. R.S. 13:3201.

III.

In light of defendant, Ness-Motley's "non-resident" status, venue is proper in the parish of Ascension, state of Louisiana, which is the domicile of plaintiff, Richard Puryear, in accordance with La. R.S. 13:3201, et. seq.

IV. FACTS

Defendant, Motley-Rice, is a law firm formed on or about April 28th, 2003, as the successor entity to defendant, Ness-Motley, the predecessor law firm. As such, defendant, Motley-Rice is liable and responsible for all acts and actions committed by individuals [i.e. – attorneys] employed by and representing Ness-Motley. SEE LETTER FROM MOTLEY-RICE informing clients of the name change – attached hereto as *Exhibit A*. In the alternative, in the event it is determined that Motley-Rice was formed for the purpose of prejudicing the rights of creditors of Ness-Motley, Plaintiffs herein reserve the right to plead and challenge Motley-Rice's status and formation as potentially being in derogation of such creditors' rights.

V.

Plaintiffs, Richard R. Puryear and Katherine P. Brousseau are siblings, whose father was SHERILL PAUL PURYEAR ["Sherill Puryear"]. On or about June 12th, 1998,

a law suit was filed in the Civil District Court for the parish of Orleans, state of Louisiana – docket no. 98-10285 – entitled, "*Eugene Abby, et. al v. GAF Corporation, et. al*" [the "CDC asbestos suit"], which alleged that a number of individuals had suffered damages arising from exposure to asbestos. Sherill Puryear was included as a plaintiff in that suit. Signing the initial petition on Sherill Puryear's behalf was attorney, Donni E. Young ["Young"], of the law firm then identified as "Ness, Motley, Loadholt, Richardson & Poole."

VI.

Unbeknownst to Sherill Puryear, at some point after the CDC asbestos suit was filed, Ness-Motley engaged an attorney named John F. Dillon ["Dillon"] as co-counsel representing Sherill Puryear's interests. Upon information and belief, Dillon was not affiliated with the Ness-Motley law firm, and in fact signed all pleadings on behalf of "John F. Dillon, PLC."

VII.

Numerous amendments were filed to the CDC asbestos suit, including a "Fifth Supplemental and Amended Petition" filed on February 7th, 2000, whereby both Young, on behalf of Ness-Motley, and Dillon alleged that, "*Plaintiff Sherill Puryear has been notified of a change of condition from asbestosis and has now also been diagnosed with an asbestos related malignancy of the pleural lining of his chest. Mr. Puryear has been advised by his physicians that his condition is progressive and terminal.*" Young and Dillon further alleged that Sherill Puryear was totally disabled, and required constant medical care from his children.

VIII.

Thirty-eight (38) days after the above pleading was filed, on March 16th, 2000, Sherill Puryear died. SEE DEATH CERTIFICATE – attached hereto as *Exhibit B*.

IX.

Pursuant to Louisiana law – Civil Code Arts. 2315.2, commencing on March 17th, 2000, Ness-Motley had one year to assert "wrongful death" claims and damages on

behalf of Sherill Puryear's survivors, including Plaintiffs herein.

### X.

On April 20th, 2001 – more than one year after Sherill Puryear's death, Ness-Motley filed an "Eighth Supplemental and Amended Petition," wherein attorneys Young, Scott Galante, and Dillon prayed that, in accordance with the "survival action" provisions of La. Civ. Code Art. 2315.1, the Court allow Richard R. Puryear and Katherine P. Brousseau, "*to substitute themselves, and bring this action in the stead of ... Sherill Paul Puryear ... now deceased.*" In addition, the Eighth Supplemental and Amended Petition, filed more than one year after Sherill Puryear's death, alleged that Richard R. Puryear and Katherine P. Brousseau were entitled to bring wrongful death actions authorized pursuant to La. Civ. Code Art. 2515.2. SEE EIGHTH AMENDED PETITION – attached as *Exhibit C.*

### XI.

Ness-Motley -- now Motley-Rice -- committed an act of legal malpractice on March 16th, 2001 – when it allowed more than one year to lapse before filing the wrongful death action on behalf of Richard R. Puryear and Katherine P. Brousseau – survivors recognized as a class of individuals who were entitled to have such relief timely sought. In addition, in the event this Honorable Court determines that the April 20th, 2001 filing of the "survival action" by Ness-Motley – was also not timely filed within one year of Sherill Puryear's death – Plaintiffs herein assert and plead damages for that wrongful act as well.

### XII.

Plaintiffs herein did not obtain constructive knowledge of their cause[s] of action against Ness-Motley and Motley-Rice until May of 2003. Attorneys employed by and associated with Ness-Motley and Motley-Rice did not disclose the existence of the above described wrongful acts of legal malpractice until May 9th, 2003, when attorneys Donni Young and Scott Galante sent a letter which states in part as follows:

*Dear Kathy and Rick:*

*5. We reiterated John's prior indication that the wrongful death cause of action was not timely added to the suit, thereby making it likely that the claim in that realm will be prescribed, or, in other words, "time-barred." (As we discussed with you, we believe there are arguments to refute this. However, as we indicated, they are not likely to prevail.)*

...

*7. We reiterated that, although your prior contact had been with John Dillon, we have been involved with your case from the beginning and we were involved at the time the error on Number 5 above occurred ...*

*8. We presented with you our belief that we can, and would like to, continue representing you in this matter ...*

SEE MAY 9TH, 2003 MOTLEY-RICE LETTER, attached hereto as *Exhibit D.*

XIII.

In the event this Honorable Court determines that some communication occurred prior to May 9th, 2003, whereby Ness-Motley and/or Motley-Rice allegedly informed Plaintiffs herein of the failure to timely file the wrongful death action, then in light of the fact that Ness-Motley and Motley Rice continued to represent Richard Puryear and Katherine Brousseau, any and all prescriptive periods on the legal malpractice claim[s] were suspended pursuant to doctrines of Louisiana law, including *contra non valentum* and/or the rule of *continuing legal representation.*

XIV.

Upon information and belief, defendants Ness-Motley and Motley-Rice have insurance coverage which provides relief for the acts and actions of legal malpractice herein described.

WHEREFORE, Plaintiffs, Richard R. Puryear and Katherine P. Brousseau, pray that NESS, MOTLEY, P.A., INC., MOTLEY RICE, L.L.C., and xyz INSURANCE COMPANY, be duly cited to answer and respond to the claims and allegations asserted

Oct. 6. 2003  1:48PM    MOTLEY RICE LLC                                No.1967   P. 8

herein, and that further, AFTER DUE PROCEEDINGS HAD, such defendants be

ordered to pay damages which are reasonable in the premises for the acts and actions

herein described, for all costs and expenses, judicial interest, and any and all further

relief available in law or equity.

RESPECTFULLY SUBMITTED:

_____

John Housan Fenner III
*JOHN HOUSAN FENNER III. A PLC*
8352 Bluebonnet Boulevard
Baton Rouge, Louisiana 70810
Phone (225) 761-0881
Fax (225) 761-1865
Bar Roll No. 17565

Attorney for Richard R. Puryear and
Katherine P. Brousseau

## SERVICE INFORMATION

Please serve BOTH THIS PETITION, AS WELL AS THE ATTACHED DISCOVERY
REQUESTS, upon defendants as follows:

NESS, MOTLEY, P.A., INC.,
through its registered agent for service of process:
Ms. Donni E. Young
1515 Poydras Street
Suite 1700
New Orleans, LA 70112

MOTLEY RICE, L.L.C.
through its registered agent for service of process:
Ms. Donni E. Young
1555 Poydras Street
Suite 1700
New Orleans, LA 70112

NESS, MOTLEY, P.A., INC., WILL ALSO BE SERVED
PURSUANT TO LOUISIANA'S LONG ARM STATUTE, LA. R.S. 13:3201,
*ET. SEQ.*

A TRUE COPY

Deputy Clerk & Recorder
ASCENSION PARISH  9-23-03

Oct. 6. 2003 1:48PM    MO● / RICE LLC    No.1967    P. 9

# MOTLEY RICE LLC

*ATTORNEYS AT LAW*

Ronald L. Motley, (SC)
Joseph F. Rice, (SC)
Paul H. Hulsey, (SC,KS)
Ann K. Ritter, (SC,TN)
John J. McConnell, Jr.,
(RI, MA, SC, DC)
Allard A. Allston III (SC)
John E. Herrick, (SC,MD)
Edward E. Cottingham, Jr., (SC)
M. Eric Boyer, (SC)
Robert J. McConnell, (SC,MA)
Frederick C. Baker, (SC,NY)
Fred Thompson, III, (SC)
Joel Westbrook Flower (SC)
Paul J. Doolittle, (SC)
Donald A. Migliori (RI,MA,MN)
Anne McGinness Kearse, (SC)
Niles Londorf, (SC)
J. Trent Cooke (SC)
Nancy Worth Davis (SC,FL,DC)
Laurie J. Loveland, (1958-2002)
Donna E. Young (LA)
Ron R. Anderson, (SC)
V. Brian Bevon (SC)
James M. Hughes (SC)
Brett D. Klok, (SC,DC,LA,TX,NM)
Fredrick J. Jekel, (SC)
Theodore H. Huge, (SC,VA,DC)
John E. Cleary, III, (SC)
Norena L. Fitzsimmons,
(RI,MA,NY,DC)
Christy Trouvance, (SC,IL,CO)
Suzanne Lafleur Kedir,
(RI,SC,CT,TX,NM)
Cindi Anne Solomon, (SC)
Wm. Michael Gaughoun, (SC)
David P. Bevon, (SC)
Wilma F. Harris, III, (SC)
William J. Cook, (SC)
Michael E. Elsner, (VA,NY)
Vincent I. Parett, (RI)
Samuel B. Cothran, Jr., (SC,NC)
Marlon E. Kimpson, (SC)
Scott M. Galante, (LA)
Kimberly D. Barone, (SC,CA)
Elizabeth Smith, (SC)
James W. Ledlie (SC)
Lynn Seithel (SC), (LA)
Badge Humphries, (SC)
E. Clark Zide, (SC,NY)
John A. Baoen, IV, (SC)
Sheria A. Moore (SC)
Michael C. Rousseau, (CA,MA)
Allison L. Sprague (RI)

April 28, 2003

Original signed by
Norma Para

Dear Client:

We are delighted to inform you that as of today, the 51 attorneys and hundreds of staff who made Ness Motley one of the nation's most renowned plaintiffs' firm will continue their practice of law and pursuit of justice as Motley Rice LLC.

Just as Ness, Motley did, we believe Motley Rice LLC has the finest collection of talent of any law firm in the nation. Our experience, skill, innovation, hard work, resources and record of results are still unmatched. Our commitment to justice is as deep as ever. And our ability to assist and serve those injured by the wrongdoing of others is stronger than ever. We will continue to do whatever it takes to see our clients' cases through to victory.

As the client, it is your choice to decide which law firms and lawyers represent you. If we do not hear from you within ten (10) days, we will assume that you have no objection to us transferring your case to Motley Rice LLC. THIS WILL NOT CHANGE YOUR RELATIONSHIP WITH OUR CO-COUNSEL IN THIS CASE. If for some reason you do not want the newly formed Motley Rice LLC to represent you, please let us know within ten (10) days. For your information, Ness, Motley will no longer be engaged in the practice of law. Therefore, your choices would include Motley Rice LLP or some other law firm of your choosing.

THERE WILL BE NO "GAP" IN THE HANDLING OF YOUR CASE. ASSUMING YOU DO NOT OBJECT, Motley Rice LLC will pickup right where Ness Motley left off on your case. The address is the same.

Our range of services stands second to none -- building the legal and evidentiary case, conducting discovery, identifying the most effective litigation strategy, crafting strong settlements, and prosecuting tenaciously in the Court.

If you have any questions about Motley Rice LLC, your ongoing case or our plans for the future, please do not hesitate to give us a call at 1 (800) 868-8408 and ask to speak to the Motley Rice Transition Team. Thank you.

Sincerely,

Joseph F. Rice


EXHIBIT
A

www.motleyrice.com

MT PLEASANT
28 Bridgeside Blvd.
P.O. Box 1792
MT Pleasant, SC 29465
843-216-9000
843-216-9450 FAX

BARNWELL
1750 Jackson St.
P.O. Box 365
Barnwell, SC 29812
803-224-8800
803-259-7048 FAX

PROVIDENCE
321 South Main St.
P.O. Box 6067
Providence, RI 02940
401-457-7700
401-457-7708 FAX

NEW ORLEANS
1555 Poydras St.
Suite 1700
New Orleans, LA 70112
504-636-3480
504-636-3499 FAX

Oct. 6. 2003  1:49PM    MO__Y RICE LLC                                No.1967   P. 10

# STATE OF LOUISIANA

THIS RECORD IS VALID FOR DEATH ONLY

Original signed by
Norma Para
CLERK & RECORDER
___ PARISH ___

IMPORTANT:  '3176           STATE OF LOUISIANA
                           CERTIFICATE OF DEATH

BIRTH No. _____                              FILE No. 117 _____

| Puryear | Sherill | Paul | March 16, 2000 |
| 10:00am | Male | White | Married | Mary Geraldine |
| July 10, 1931 | 68 | | Marksville, Louisiana |
| Operator | Chemical | No |
| Yes | 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 | |

**PLACE OF DEATH**

1342 Masterson Drive | | Yes
Baton Rouge | | East Baton Rouge
1342 Masterson Drive | East Baton Rouge | Louisiana
Baton Rouge | 70810 | Yes

**PARENTS**

| Puryear | Alvah | Sherill | Virgilian | Virginia |
| Bordelon | Basle | | Marksville | Louisiana |

**INFORMANT**

Katherine P. Brousseau | 1342 Masterson Drive, Baton Rouge, Louisiana 70810 | 03/17/00

**DISPOSITION**

| 03/20/00 | Greenoaks Memorial Park, Baton Rouge, Louisiana 70815 |
| Greenoaks Funeral Home, 9595 Florida Boulevard, Baton Rouge, Louisiana 70815 | 2279 | F-2099 |
Gerald W. Musacchia

**REGISTRAR**

66117B | East Baton Rouge | march 20, 2000

**MANNER OF DEATH**

Natural

**CERTIFIER**

From | March 16, 2000 | to | | April 27, 2000
Louis Cataldie, MD  Coroner | 222 St. Louis St. Baton Rouge, LA 70802

**CAUSE OF DEATH**

Pneumonia
DUE TO OR AS A CONSEQUENCE OF
Carcinomatosis and Asbestosis
DUE TO OR AS A CONSEQUENCE OF



EXHIBIT
B

OFFICE OF PUBLIC HEALTH - VITAL RECORDS REGISTRY

ACCORDANCE WITH LSA-R.S. 40:50. (C)
CERTIFY THAT THE ABOVE IS A TRUE AND
EXACT COPY OF A DEATH CERTIFICATE IN
CUSTODY.

LOCAL REGISTRAR

APR 2 8 2000

I CERTIFY THAT THIS IS A
TRUE AND CORRECT COPY OF A
CERTIFICATE OR DOCUMENT
REGISTERED WITH THE VITAL
RECORDS REGISTRY OF THE STATE
OF LOUISIANA, PURSUANT TO LSA
— R.S. 40:32, ET SEQ.

_____
STATE REGISTRAR

Oct. 6. 2003  1:49PM   MOTLEY RICE LLC

No.1967   P. 11

RECEIVED AND FILED
BY HART BOURQUE
CLERK OF COURT

CIVIL DISTRICT COURT   *Original Signed by*   FILED
PARISH OF ORLEANS   Norma Para   2001 APR 10
STATE OF LOUISIANA   BY DEPUTY CLERK & RECORDER
                     Orleans Parish

DIVISION "M"7"

NO 98-10285

EUGENE ABBEY, ET AL.

VERSUS

GAF CORPORATION, ET AL.

### PLAINTIFFS' EIGHTH SUPPLEMENTAL AND AMENDED PETITION

COME NOW, Plaintiffs, Wayne Tolbert Buchan, Roger Dale Buchan, and Judy Catherine Buchan, surviving children of Troyce Buchan, Deceased; Edwina Buller, surviving spouse of Louis E. Buller, Deceased, and Tracy Danette Buller, Roxanne Marie Buller and Thomas Edward Buller, surviving children of Louis E. Buller, Deceased; Audrey R. Calloway, surviving spouse of Clifford Jackson Calloway, Deceased; Amanda Lynn Winn, Michael Todd Trichell, and Denise Kathleen Grove, surviving children of Geraldine Dillingham, Deceased; Brenda F. Brister, Marvin D. Freeman, Donna F. Shelton, Kathy F. Stringer, and Lisa F. Mizell, surviving children of Billy K. Freeman, Deceased; Tommie K. Goodwin, surviving spouse of Clarence Samuel Goodwin, Deceased and James R. Goodwin, Millie E. Funderburk and Jerry E. Goodwin, surviving children of Clarence Samuel Goodwin, Deceased; Nelda Smith Lewis, surviving spouse of George Q. Lewis, Deceased, and Jimmy Lynn Lewis and Carolyn Ann Lewis Owens, surviving children of George Q. Lewis, Deceased; Olivia McFarland, surviving spouse of Charlie L. McFarland, Deceased and Alton McFarland, Charles McFarland, Elgie McFarland and Ausbra McFarland, surviving children of Charlie L. McFarland, Deceased; Glena Mae Martin, surviving spouse of Henry E. Martin, Jr., Deceased, and Brenda Martin Tolbert, Robby Ray Martin, Elizabeth Martin Powell, Randall Edward Martin, and Sherry Martin Marsh, surviving children of Henry E. Martin, Jr., Deceased; Christine C. Martin, surviving spouse of Lacy Christopher Martin, Deceased and Loretta A. Peterson, Terry J. Martin, Timothy A. Martin, Anthony D. Martin and Rebecca S. Kelly, surviving children of Lacy Christopher Martin, Deceased; Millard N. Parker, surviving spouse of Mary C. Parker, Deceased, and Judy A. Silwedl, Ronny R. Castleton, Danny K. Castleton, and Lisa M. Waldrop, surviving children of Mary C. Parker, Deceased; Richard R. Puryear and Katherine P. Brousseau, surviving children of Sherill Paul Puryear, Deceased; Gwendolyn Smith, surviving spouse of Willie E. Smith and Vicky Smith Digangi and Daniel E. Smith, surviving children of Willie E. Smith, Deceased; Janice Waggoner, surviving spouse of William T. Waggoner, Deceased and Brian Waggoner and Amye Waggoner, surviving children of William T. Waggoner, Deceased; Emma Woods, surviving spouse of Nelson W. Woods, Deceased and Cedric Woods and Cassandra Woods, surviving children of Nelson W. Woods, Deceased, who would respectfully show to this Court the following:

1.

At the outset, Plaintiffs incorporate by reference all of the allegations, including the Prayer for Damages filed in the Original Petition for Damages and Plaintiffs' Seven Supplemental and Amending Petitions by as though alleged herein.



2.

Additionally, Plaintiffs request that this Court allow them to substitute themselves, and bring this action in the stead of Troyce Tolbert Buchan, Louis E. Buller, Clifford Jackson Calloway, Geraldine Dillingham, Billy K. Freeman, Clarence Samuel Goodwin, George Q. Lewis, Henry E. Martin Jr., Lacy Christopher Martin, Charlie L. McFarland, Mary C. Parker, Sheriff Paul Puryear, Willie E. Smith, William T. Waggoner, and Nelson W. Woods, now deceased.

3.

Plaintiffs, Wayne Tolbert Buchan, Roger Dale Buchan, and Judy Catherine Buchan, surviving children of Troyce Buchan, Deceased; Edwina Buller, surviving spouse of Louis E. Buller, Deceased; and Tracy Danette Buller, Roxanne Marie Buller and Thomas Edward Buller surviving children of Louis E. Buller, Deceased; Audrey R. Calloway, surviving spouse of Clifford Jackson Calloway, Deceased; Amanda Lynn Winn, Michael Todd Trichell, and Denise Kathleen Grove, surviving children of Geraldine Dillingham, Deceased; Brenda F. Baxter, Marvin D. Freeman, Donna F. Shelton, Kathy F. Stringer, and Lisa F. Mizell, surviving children of Billy K. Freeman, Deceased; Tommie K. Goodwin, surviving spouse of Clarence Samuel Goodwin, Deceased and James R. Goodwin, Millie E. Funderburk and Jerry E. Goodwin, surviving children of Clarence Samuel Goodwin, Deceased; Nelda Smith Lewis, surviving spouse of George Q. Lewis, Deceased, and Jimmy Lynn Lewis and Carolyn Ann Lewis Owens, surviving children of George Q. Lewis, Deceased; Olivia McFarland, surviving spouse of Charlie L. McFarland, Deceased and Alton McFarland, Charles McFarland, Elgne McFarland and Ausbra McFarland, surviving children of Charlie L. McFarland, Deceased; Glena Mae Martin, surviving spouse of Henry E. Martin, Jr., Deceased, and Brenda Martin Tolbert, Robby Ray Martin, Elizabeth Martin Powell, Randall Edward Martin, and Sherry Martin Marsh, surviving children of Henry E. Martin, Jr., Deceased; Christine C. Martin, surviving spouse of Lacy Christopher Martin, Deceased and Loretta A. Peterson, Terry J. Martin, Timothy A. Martin, Anthony D. Martin and Rebecca S. Kelly, surviving children of Lacy Christopher Martin, Deceased; Millard N. Parker, surviving spouse of Mary C. Parker, Deceased, and Judy A. Silweil, Ronny R. Castleton, Danny K. Castleton, and Lisa M. Waldrop, surviving children of Mary C. Parker, Deceased; Richard R. Puryear and Katherine P. Brousseau, surviving children of Sheriff Paul Puryear, Deceased; Gwendolyn Smith, surviving spouse of Willie E. Smith, and Vicky Smith Digangi and Daniel E. Smith, surviving children of Willie E. Smith, Deceased; Janice Waggoner, surviving spouse of William T. Waggoner, Deceased and Brian Waggoner and Amye Waggoner, surviving children of William T. Waggoner, Deceased; Emma Woods, surviving spouse of Nelson W. Woods, Deceased and Cedric Woods and Cassandra Woods, surviving children of Nelson W. Woods, alleges that Decedents had died of complications as a result of their asbestos related injuries. Further, Plaintiffs alleges that their deaths and disease were caused by the Defendants named in the Original, First, Second, Third, Fourth, Fifth, Sixth and Seventh Supplemental and Amended Petitions for Damages and herein

4

Accordingly, Petitioners allege that they are entitled to bring wrongful death actions individually and to maintain the survival action of Decedents, who died as a result of the injuries sustained that are subject of this captioned matter.

5.

Petitioners reallege the Prayer of Damages incorporated in the Original, First, Second, Third, Fourth, Fifth, Sixth and Seventh Supplemental and Amended Petition for Damages, as though stated herein, and requests all other forms of relief allowed by law, including trial by jury.

Respectfully Submitted,
Ness, Motley, Loadholt, Richardson &
Poole

Donni E. Young (Bar Roll No.19843)
Scott Galante (Bar Roll No. 26890)
1555 Poydras Street, Suite 1700
New Orleans, Louisiana 70112
Telephone: (504) 636-3480

And

John F. Dillon ,PLC
John F. Dillon (Bar No. 13538)
1555 Poydras Street, Suite 1700
New Orleans, LA. 70112
Tel:(504)-636-3480
Fax:(504)-636-3499

## ORDER

It is hereby ordered on this ____day of _____, 2001, that Plaintiff is permitted to file this Eighth Supplemental and Amended Petition.

Entered this ____day of _____, 2001, Orleans Parish, Louisiana.

_____
Judge

c:\p\office\vgwin\wpdocs\smcpetitions\buchan.8me

Oct. 6. 2003  1:50PM    MOTLEY RICE LLC                    No.1987    P. 14



MOTLEY | ATTORNEYS
AND LAW
RICE | LLC

May 9, 2003

Original signed by
Via Federal Ex~~~~~ma Para

Donald L. Motley (SC)
Joseph F. Rice (SC)
Ann K. Ritter (SC TN)
John J. McConnell Jr.
(RI MA SC DC)
Allard A. Allston III (SC)
John E. Herrick (SC MD)
Edward B. Cottingham Jr. (SC)
M. Eric Boiter (SC)
Robert J. McConnell (RI MA)
Frederick C. Baker (SC NY)
Fred Thompson III (SC)
Jodi Westbrook Flowers (SC)
Paul J. Doolittle (SC)
Donald L. Migliori (RI MA MN)
Anne McGinness Kearse (SC)
Miles Loadholt (SC)
J. Terry Poole (SC)
Nancy Worth Davis (SC FL DC)
Lisa Ref. Loveland (WI DC)
Donni S. Young (LA)
Rob R. Anderson (SC)
Sheryl A. Moore (SC VA)
V. Brian Bevon (SC)
James M. Hughes (SC)
Rusty D. Vox
(LA NM TX SC DC)
Frederick J. Jekel (SC)
Theodore H. Huge (SC VA DC)
John E. Guerry, III (SC)
Fidelma L. Fitzpatrick
(RI MA NY DC)
Christy Thouvenot (SC IL CO)
Suzanne LaFleur Kliok
(LA TX NM SC DC)
Cindy Anne Solomon (SC)
Wm. Michael Cavenaugh (SC)
David P. Bevon (SC)
Walter F. Harris, III (SC)
William J. Cook (SC)
Michael E. Elsner (VA NY)
Vincent I. Greene, IV (RI)
Samuel L. Cothran, Jr. (SC NC)
Marlon E. Kimpson (SC)
Scott M. Galante (LA)
Lindsay O. Barone (SC CA)
Elizabeth Smith (SC)
James W. Ledlie (SC)
Lynn Settele Jekel (SC)
Badge Humphries (TX)
E. Claire Xidis (SC NY)
John A. Baden, IV (SC)
Michael G. Rousseau (GA MA)
Aileen L. Sprague (RI)

Kathy Brousseau                    Rick Puryear
10378 Ridgly Drive                 15023 North Pointe Drive
Baton Rouge, La. 70809             Prairieville, La. 70769

    Re:    Eugene Abbey, et al v. GAF Corporation, et al
    (Sherill P. Puryear) - CDC No. 98-10285

Dear Kathy and Rick:

    We are writing to confirm our conversation with you and your brother
in regards to your case. We wanted to outline our discussion. Specifically,
we discussed the following with you:

        1. The progress of your suit in regards to getting a trial
        date. As we indicated, we are still in the process of
        completing discovery so we can certify to the Court that
        the discovery has been completed and we are ready to
        select a trial date.

        2. We discussed the remaining defendants and the
        likelihood that we will be able to make a case against
        those defendants we have currently in the case.

        3. We discussed with you the prospect of having an
        expert work on the case for the purpose of gaining a
        definitive link between your father's lung cancer and his
        asbestos exposure.

        4. We discussed John Dillon's retirement and the fact
        that Donni and I would now be the attorneys focused on
        the case.



EXHIBIT
D

www.motleyrice.com

NEW ORLEANS
1555 Poydras St.
Suite 1700
New Orleans, LA 70112
504-636-3480
504-636-3499 FAX

PROVIDENCE
321 South Main St.
P.O. Box 6067
Providence, RI 02940
401-457-7700

MT. PLEASANT
28 Bridgeside Blvd
P.O. Box 1792
Mt. Pleasant, SC 29465
843-216-9000

BARNWELL
1750 Jackson St.
P.O. Box 365
Barnwell, SC 29812
803-111-8800

Oct. 6. 2003  1:50PM     MO    Y RICE LLC                    No.1967   P. 15

Page 2
Re:     Eugene Abbey, et al v. GAF Corporation, et al
        (Sherill P. Puryear)
        CDC No. 98-10285

5. We reiterated John's prior indication that the wrongful death cause of action was not timely added to the suit, thereby making it likely that the claim in that realm will be prescribed, or, in other words, "time-barred." (As we discussed with you, we believe there are arguments to refute this. However, as we indicated, they are not very likely to prevail.)

6. We discussed with you the fact that we believed based on our experience, that the wrongful death claim as a companion claim to the suit in this matter would represent a minority of any verdict's total amount, and that it should not be an impediment to continued negotiations with defendants for settlement; although again, we cannot guarantee that belief.

7. We reiterated that, although your prior contact had been with John Dillon, we have been involved with your case from the beginning and we were involved at the time the error described on number 5 above occurred and that, other than the error in regards to the possible failure to timely-file the wrongful death claim, that we believed to the case to be otherwise on strong and un-fettered footing.

8. We presented with you our belief that we can, and would like to, continue representing you in this matter and we would like to continue to make every effort to resolve this matter on your behalf.

9. Once again, we advised you, as John had last year, that we cannot give you advice in regards to your options for the failure to timely file the wrongful death

Page 3
Re:    Eugene Abbey, et al v. GAF Corporation, et al
         (Sherill P. Puryear)
         CDC No. 98-10285

        claim. Although we discussed with you the impact of
that error, we must encourage you to consult an
attorney for advice if you wish to pursue an action for
malpractice in this matter.

    It would be a conflict of interest for either of us, or John Dillon, to
advise you in that matter and we, again, strongly urge you to investigate that
claim.

    Upon being advised by you regarding whether you wanted to
continued to proceed with this litigation (you both indicated that you were
unsure if you wanted to continue to prosecute this case).

    We also indicated we would do the following in this matter:

        1. We would present your case to several defendants
immediately for settlement consideration and apprise
you of that progress.

        2. We would investigate the case against the remaining
defendants with all due diligence to resolve this matter
timely.

        3. We would convert your father's deposition video to
CD/DVD for you as a keepsake. (forthcoming whether
you continue with this litigation or not)

        4. We would forward to you an additional copy of the
letter John sent you after your meeting with him.
(Attached)

Page 4
Re:    Eugene Abbey, et al v. GAF Corporation, et al
       (Sherill P. Puryear)
       CDC No. 98-10285

> 5. We would forward you copies of all relevant
> petitions in your case. (Attached).

We appreciate the opportunity to discuss this matter with you. Please
be advised that we will, at your request, continue to litigate this matter on your
behalf.

Do not hesitate to call if you have any questions, especially in regards
to this communication.

Sincerely,

~~C. Donni Young~~

DEY/SMG:wvs
Enclosure

Sincerely,

Scott M. Galante

# SEE RECORD FOR
# EXHIBITS
# OR
# ATTACHMENTS
# NOT SCANNED