# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICHARD R. PURYEAR and KATHERINE P. BROUSSEAU | Case No. 03-cv-03490 |
| versus | Division "L" |
| NESS, MOTLEY, P.A., INC., MOTLEY RICE L.L.C., et. al | Magistrate Judge "2" |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## FIRST SUPPLEMENTAL & AMENDING COMPLAINT

NOW INTO COURT, through undersigned counsel, come Complainants, RICHARD R. PURYEAR and KATHERINE PURYEAR BROUSSEAU, residents of and domiciled in the state of Louisiana, who, in accordance with Fed. Rules Civ. Proc. Rule 15, do hereby file their first supplemental and amending complaint in this matter, in the following respects:

I.

MADE DEFENDANTS herein are the following:

> NESS, MOTLEY, P.A., INC. ["Ness-Motley"], a South Carolina corporation with its registered office and principal place of business located in the state of South Carolina;
>
> MOTLEY RICE L.L.C. ["Motley-Rice"], a South Carolina limited liability company with its registered office and

principal place of business located in the state of South Carolina;

**TWIN CITY FIRE INSURANCE COMPANY**, which, upon information and belief, is a division of **THE HARTFORD**, and is a corporation organized under the laws of the states of Delaware, Connecticut, New York, or Indiana, with its principal place of business located either in the states of Connecticut or Indiana; and

**LIBERTY MUTUAL INSURANCE COMPANY**, which, upon information and belief, is a corporation organized under the laws either of the states of Delaware or Pennsylvania, with its principal place of business located in the state of Pennsylvania.

## II. SUBJECT MATTER JURISDICTION

This Honorable Court possesses subject matter jurisdiction over this matter pursuant to "diversity of citizenship" of 28 U.S.C. § 1332, in that Complainants and defendants are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Further, the principal defendants removed this matter to this Honorable Court via removal proceedings from Louisiana state district court – parish of Ascension.

## III. PERSONAL JURISDICTION

This Honorable Court possesses personal jurisdiction over all defendants, pursuant to La. R.S. 13:3201.

## IV. VENUE

Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391 (a) (2) in that the Eastern District of Louisiana is the judicial district where a substantial part of the events or omissions giving rise to this claim occurred. Further, the principal defendants removed this matter to this Honorable Court via removal proceedings and a motion to transfer from the Middle District of Louisiana.

# FACTS

## V.

Defendant, Motley-Rice, is a law firm formed on or about April 28th, 2003, as the successor entity to defendant, Ness-Motley, the predecessor law firm. As such, defendant, Motley-Rice is liable and responsible for all acts and actions committed by individuals [i.e. – attorneys] employed by and representing Ness-Motley. SEE LETTER FROM MOTLEY-RICE informing clients of the name change – attached hereto as *Exhibit A*. In the alternative, in the event it is determined that Motley-Rice was formed for the purpose of prejudicing the rights of creditors of Ness-Motley, Complainants herein reserve the right to plead and challenge Motley-Rice's status and formation as potentially being in derogation of such creditors' rights.

VI.

Complainants, Richard R. Puryear and Katherine P. Brousseau are siblings, whose father was SHERILL PAUL PURYEAR ["Sherill Puryear"]. On or about June 12th, 1998, a law suit was filed in the Civil District Court for the parish of Orleans, state of Louisiana – docket no. 98-10285 – entitled, "*Eugene Abby, et. al v. GAF Corporation, et. al*" [the "Louisiana state court asbestos suit"], which alleged that a number of individuals had suffered damages arising from exposure to asbestos. Sherill Puryear was included as a plaintiff in that suit. Signing the initial petition on Sherill Puryear's behalf was attorney, Donni E. Young ["Young"], of the law firm then identified as "Ness, Motley, Loadholt, Richardson & Poole."

VII.

Unbeknownst to Sherill Puryear, at some point after the Louisiana state court asbestos suit was filed, Ness-Motley engaged an attorney named John F. Dillon ["Dillon"] as co-counsel representing Sherill Puryear's interests. Upon information and belief, Dillon was not affiliated or employed with the Ness-Motley law firm, and in fact signed all pleadings on behalf of "John F. Dillon, PLC."

VIII.

Numerous amendments were filed to the Louisiana state court asbestos suit, including a "Fifth Supplemental and Amended Petition" filed on February 7th, 2000, whereby both Young, on behalf of Ness-Motley, and Dillon alleged that, "*Plaintiff*

*Sherill Puryear has been notified of a change of condition from asbestosis and has now also been diagnosed with an asbestos related malignancy of the pleural lining of his chest. Mr. Puryear has been advised by his physicians that his condition is progressive and terminal.*" Young and Dillon further alleged that Sherill Puryear was totally disabled, and required constant medical care from his children.

IX.

Thirty-eight (38) days after the above pleading was filed, on March 16th, 2000, Sherill Puryear died.  SEE DEATH CERTIFICATE – attached hereto as *Exhibit B*.

X.

Pursuant to Louisiana law – Civil Code Arts. 2315.2, commencing on March 17th, 2000, Ness-Motley had one year to assert "wrongful death" claims and damages on behalf of Sherill Puryear's survivors, including Complainants herein.

XI.

On April 20th, 2001 – more than one year after Sherill Puryear's death, Ness-Motley filed an "Eighth Supplemental and Amended Petition," wherein attorneys Young, Scott Galante, and Dillon prayed that, in accordance with the "survival action" provisions of La. Civ. Code Art. 2315.1, the Court allow Richard R. Puryear and Katherine P. Brousseau, "*to substitute themselves, and bring this action in the stead of ... Sherill Paul Puryear ... now deceased.*" In addition, the Eighth Supplemental and Amended Petition, filed more than one year after Sherill Puryear's death, alleged that

Richard R. Puryear and Katherine P. Brousseau were entitled to bring wrongful death actions authorized pursuant to La. Civ. Code Art. 2515.2. SEE EIGHTH AMENDED PETITION – attached as *Exhibit C.*

## XII.

Ness-Motley – now Motley-Rice – committed an act of legal malpractice on March 16th, 2001 – when it allowed more than one year to lapse before filing the wrongful death action on behalf of Richard R. Puryear and Katherine P. Brousseau – survivors recognized as a class of individuals who were entitled to have such relief timely sought. In addition, in the event this Honorable Court determines that the April 20th, 2001 filing of the "survival action" by Ness-Motley – was also not timely filed within one year of Sherill Puryear's death – Complainants herein assert and plead damages for that wrongful act as well.

## XIII.

Complainants herein did not obtain constructive knowledge of their cause[s] of action against Ness-Motley and Motley-Rice until May of 2003. Attorneys employed by and associated with Ness-Motley and Motley-Rice did not disclose the existence of the above described wrongful acts of legal malpractice until May 9th, 2003, when attorneys Donni Young and Scott Galante sent a letter which states in part as follows:

> *Dear Kathy and Rick:*
>
> *5. We reiterated John's prior indication that <u>the wrongful death cause of action was not timely added to the suit</u>, thereby*

*making it likely that the claim in that realm will be prescribed, or, in other words, "time-barred." (As we discussed with you, we believe there are arguments to refute this. However, as we indicated, they are not likely to prevail.)*

...

*7. We reiterated that, although your prior contact had been with John Dillon, WE HAVE BEEN INVOLVED WITH YOUR CASE FROM THE BEGINNING and WE WERE INVOLVED AT THE TIME THE ERROR ON NUMBER 5 ABOVE OCCURRED ...*

*8. We presented with you our belief that we can, and* <u>**WOULD LIKE TO, CONTINUE REPRESENTING YOU IN THIS MATTER**</u>
*... [emphasis added]*

SEE MAY 9TH, 2003 MOTLEY-RICE LETTER, attached hereto as *Exhibit D*.

XIV.

In the event this Honorable Court determines that some communication occurred prior to May 9th, 2003, whereby Ness-Motley and/or Motley-Rice allegedly informed Complainants herein of the failure to timely file the wrongful death action, then in light of the fact that Ness-Motley and Motley Rice continued to represent Richard Puryear and Katherine Brousseau in the Louisiana state court asbestos suit, any and all prescriptive periods and/or statute[s] of limitations on the legal malpractice claim[s] were suspended pursuant to doctrines of Louisiana law, including but not limited to *contra non valentum* and/or the rule of *continuing legal representation*.

XV.

In connection with discovery propounded while this matter was pending in Louisiana state court, defendants Ness-Motley and Motley-Rice, in response to interrogatories and requests for production regarding the existence of insurance coverage for this matter, have identified and produced copies of declarations pages and insurance policies, which include the following:

> 1. Lawyers Professional Liability Policy issued by defendant, TWIN CITY FIRE INSURANCE COMPANY, Policy No. NPF0131220, a copy of which said declarations page[s] is/are attached as *Exhibit E*; and

> 2 Excess Professional Liability Policy issued by LIBERTY MUTUAL INSURANCE COMPANY, Policy No. EJE-B71-078253-012, a copy of which said declarations page[s] is/are attached as *Exhibit F*.

XVI.

Upon information and belief, some or both of the above referenced defendant insurance companies have received appropriate notice of claim[s] relating or regarding the acts, actions, and omissions more fully described herein. As such, some or both of the above referenced defendant insurance companies are liable for the acts, actions, and omissions more fully described herein. Discovery is being propounded contemporaneously with the filing of this amended complaint demanding that said defendant insurance companies, as well as the primary defendants – produce true and correct copies of any and all correspondence and/or other claim-related

communication[s] which relate or regard the acts, actions, and omissions more fully described herein.

WHEREFORE, Complainants, Richard R. Puryear and Katherine P. Brousseau, pray that NESS, MOTLEY, P.A., INC., MOTLEY RICE, L.L.C., TWIN CITY FIRE INSURANCE COMPANY, and LIBERTY MUTUAL INSURANCE COMPANY be duly cited to answer and respond to the claims and allegations asserted herein, as well as the discovery attached hereto; and

WHEREFORE, Complainants do further pray that, AFTER DUE PROCEEDINGS HAD, such defendants be ordered to pay unto Complainants damages which are reasonable in the premises for the acts and actions herein described, for all costs and expenses, judicial interest, and any and all further relief available in law or equity.

RESPECTFULLY SUBMITTED:

_____
John Housan Fenner III
*JOHN HOUSAN FENNER III, A PLC*
8352 Bluebonnet Boulevard
Baton Rouge, Louisiana 70810
Phone (225) 761-0881

Page -9-

f

Fax (225) 761-1865
Bar Roll No. 17565

**Attorney for Richard R. Puryear and
Katherine P. Brousseau**

**ALL NEWLY NAMED/ADDED DEFENDANTS SHALL BE SERVED
PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE.**

**Certificate of Service**

I, John H. Fenner III, do hereby certify this 15th day of March, 2004, that I did serve the foregoing pleading[s] upon all counsel of record, by placing same in the United States Mail, 1st Class, postage pre-paid.

_____
**JOHN H. FENNER III**