FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 APR -7 PM 1:14

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RICHARD R. PURYEAR AND KATHERINE P. BROUSSEAU, | * | CIVIL ACTION NO. 03-cv-03490 |
| Plaintiffs, | * | SECTION "L" |
| VERSUS | * | MAGISTRATE JUDGE 2 |
| NESS, MOTLEY, P.A., INC., MOTELY RICE, L.L.C., AND XYZ INSURANCE COMPANY, | * | |
| Defendants. | * | |

*************************************

**AFFIRMATIVE DEFENSES AND ANSWER TO**
**FIRST SUPPLEMENTAL AND AMENDING COMPLAINT**

Defendants, Ness Motley, P.A., Inc. ("Ness Motley") and Motley Rice, L.L.C. ("Motley Rice"), through their undersigned counsel, respectfully submit their affirmative defenses and answer to the first supplemental and amending complaint of the plaintiffs, Richard R. Puryear and Katherine P. Brousseau.

___ Fee___
___ Process___
_X_ Dktd___
___ CtRmDep___
___ Doc. No. 5

## Affirmative Defenses

### First Defense

The plaintiffs' claims are perempted and/or prescribed under the applicable statute of limitations.

### Second Defense

The plaintiffs' complaints fail to state a claim upon which relief can be granted.

### Third Defense

The plaintiffs failed to mitigate their damages, if any.

### Fourth Defense

The plaintiffs' claims are barred by the doctrines of estoppel, waiver, acquiescence, and/or ratification.

### Fifth Defense

The wrongful death and survival claims from the underlying lawsuit that are at issue in this lawsuit are not time-barred. Accordingly, the plaintiffs' claims in this lawsuit are not actionable as a matter of law.

### Sixth Defense

The plaintiffs have sustained no damages.

## Answer

And now, responding to the particular allegations of the plaintiffs' first supplemental and amending complaint (the "amended complaint"), Ness Motley and Motley Rice respond as follows:

**I.**

The allegations of paragraph I of the amended complaint are denied, except it is admitted that Ness Motley is a South Carolina corporation with its registered office and principal place of business in South Carolina. It is further admitted that Motley Rice is a South Carolina limited liability company with its registered office and principal place of business in South Carolina.

**II.**

Responding to the allegations of paragraph II of the amended complaint, it is admitted that this Court possesses jurisdiction over this action pursuant to 28 U.S.C. § 1332. It is further admitted that Ness Motley and Motley Rice removed this action from Louisiana state court.

**III.**

Responding to the allegations of paragraph III of the amended complaint, it is admitted that this Court possesses personal jurisdiction over Ness Motley and Motley Rice.

**IV.**

Responding to paragraph IV of the amended complaint, it is admitted that venue is proper in the Eastern District of Louisiana.

**V.**

The allegations of paragraph V of the amended complaint are denied.

**VI.**

The allegations of paragraph VI of the amended complaint are denied to the extent that they mischaracterize pleadings filed in the lawsuit captioned *Eugene Abbey, et al. v. GAF Corporation, et al.*, which pleadings are the best evidence of their contents.

## VII.

The allegations of paragraph VII of the amended complaint are denied as written, except it is admitted that John Dillon performed legal work in connection with the referenced litigation.

## VIII.

The allegations of paragraph VIII of the amended complaint are denied to the extent that they mischaracterize the Fifth Supplemental and Amended Petition filed in the referenced litigation, which petition is the best evidence of its contents.

## IX.

The allegations of paragraph IX of the amended complaint are admitted.

## X.

The allegations of paragraph X of the amended complaint constitute conclusions of law and, as such, require no response. To the extent that a response is deemed to be required, the allegations are denied as written.

## XI.

The allegations of paragraph XI of the amended complaint are denied to the extent that they mischaracterize the Eighth Supplemental and Amended Petition filed in the referenced litigation, which petition is the best evidence of its contents.

## XII.

The allegations of paragraph XII of the amended complaint are denied.

## XIII.

The allegations of paragraph XIII of the amended complaint are denied, except it is admitted that Motley Rice sent to the complainants a letter dated May 9, 2003, which letter is the best evidence of its contents.

## XIV.

The allegations of paragraph XIV of the amended complaint constitute conclusions of law and, as such, require no response. To the extent a response is deemed to be required, the allegations are denied.

## XV.

The allegations of paragraph XV of the amended complaint are denied to the extent that they mischaracterize the insurance policies produced by Ness Motley and Motley Rice, which policies are the best evidence of their contents.

## XVI.

The allegations of paragraph XVI of the amended complaint are denied as written, except it is admitted that the identified insurers have received appropriate notice of this action.

## XVII.

The allegations of the final, unnumbered paragraphs of the amended complaint constitute the complainants' prayer for relief and, as such, require no response. To the extent a response is deemed to be required, the allegations are denied.

**WHEREFORE,** Ness Motley, P.A., Inc. and Motley Rice, L.L.C. pray that this answer be deemed good and sufficient and that, after due proceedings, judgment be entered dismissing this action with prejudice.

Respectfully submitted,

_____
Richard C. Stanley, 8487
William M. Ross, 27064
   Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Telephone: 504-523-1580

Attorneys for Ness, Motley, P.A., Inc.
   and Motley Rice L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that copies of the above and foregoing Affirmative Defenses and Answer to First Supplemental and Amending Complaint have been served on all counsel of record, by facsimile and/or by placing same in the United States mail, postage prepaid and properly addressed, this 7th day of April, 2004.

_____